IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MORRIS EARNEST CARROLL, JR., and ) | |
| EMILY DIANE CARROLL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0342-P-M |
| ) | |
| CONECUH COUNTY, ALABAMA, a political ) | |
| subdivision of the State of Alabama, JAMES ) | |
| TAYLOR, individually and in his official ) | |
| capacity, JOHN GREENE, individually and in ) | |
| his official capacity, and TRACEY HAWSEY, in ) | |
| his capacity as Sheriff of Conecuh County, ) | |
| Alabama, ) | |
| ) | |
| Defendants. ) | |

## ORDER MODIFYING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 27, 2005, the Magistrate Judge issued a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), recommending that the Motion For Partial Dismissal of Plaintiffs' Amended Complaint filed by defendants, Deputies James Taylor and John Greene (docs.45-46) be granted; that the Motion to Dismiss Plaintiffs' Amended Complaint filed by defendant, Sheriff Tracy Hawsey (docs.47-48) be granted, in part, and denied, in part; that the Motion to Strike Plaintiffs' Filing of Deposition Transcripts filed by defendants Taylor, Greene, and Hawsey (docs.74-75) be granted; and that the Motion for Leave to File Deposition Transcripts filed by plaintiffs (doc.82) be denied (doc.89).

On February 7, 2005, plaintiffs, Morris and Emily Carroll, filed a Statement of Objection to

Magistrate Judge's Recommendation with a Memorandum Brief In Support (docs.91-92).  On February 9, 2005, defendants Taylor, Greene, and Hawsey filed a Partial Objection to Report and Recommendation with a Memorandum Brief In Support (docs.93-94).

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, plaintiffs' Statement of Objection (docs.91-92) is OVERRULED; defendants' Partial Objection (docs.93-94) is OVERRULED, in part, and SUSTAINED, in part; and the Report and Recommendation of the Magistrate Judge is ADOPTED as MODIFIED as the opinion of this court.

The modification pertains to the objection filed by defendants Taylor and Greene, along with their Rely to plaintiffs' Opposition to their Motion For Partial Dismissal (doc.80), which is addressed herein.  Supra., p.8-11, section B.2.

A.  Plaintiffs' Statement of Objection to Magistrate Judge's Recommendation.

Plaintiffs object to the recommended dismissal of plaintiff Morris Carroll's fourth cause of action alleging conspiracy among the defendants to deprive him of constitutional rights (doc.91). Plaintiffs argue that the recommended action "is premised upon an incorrect factual assumption..." (doc.92).

The Magistrate Judge noted: "In looking at the court records regarding Morris Carroll's conviction, the Court notes that he was originally charged with public intoxication; however, the charge was amended to include disorderly conduct on the same day that he pled to that charge (Doc.46, Exhibit A)" (doc.89, p.19).

Plaintiffs contend that at the time of Morris Carroll's January 16, 2004 arrest, he

> was charged with obstruction of government operations, public intoxication, resisting arrest, and *disorderly conduct.* Thus, the Court's belief that Morris Carroll had the charge of public intoxication removed in exchange for his plea to the charge of disorderly conduct is mistaken.
>
> While Morris Carroll did plead guilty to disorderly conduct, he did not do so in exchange for having other charges dismissed. Therefore, this Court's finding that the Defendants engaged in a conspiracy to falsely charge Morris Carroll with obstruction of government operations, public intoxication, and resisting arrest <u>would</u> not cast doubt upon the distinct and separate disorderly conduct conviction per *Heck v. Humphrey* [, 512 U.S. 477 (1994)]. Instead, the charge to which Plaintiff pled guilty (disorderly conduct) is separate and unrelated to the charges falsely asserted by... Greene,... Taylor, and... Hawsey. There is absolutely no risk of the existing conviction being invalidated.
>
> An arrest based upon disorderly conduct may be lawful despite the unlawfulness of the other charges that were falsely brought against Mr. Carroll. Civil liability may be created based upon false charges made by Defendants even though the arrest and conviction based upon disorderly conduct may remain valid. (*See Baxter v. Hutchinson*, 1995 WL 1945453 (N.D.Miss. 1995)). Further, Plaintiff... is not contesting the charge of disorderly conduct to which he pled guilty.

(doc.92, p.2-3) (emphasis in original).

Plaintiffs presented this same argument to the Magistrate Judge (doc.70, p.11-12). The Magistrate Judge addressed the issues involved (doc.89, p.17-19), and noted that "[a]t the very least, the Court cannot say that Plaintiff's success on this claim would not undermine the disorderly conduct conviction. Therefore, the Court must, under *Heck*, find that Plaintiff Morris Carroll's fourth cause of action does not state a claim and must dismissed it as to all parties." Id., p.19.

In Baxter, the issue was whether the plaintiff's claim, under 42 U.S.C. § 1983, of excessive force arising out of his arrest would necessarily imply the invalidity of his conviction of simple assault on a police officer arising out of the same underlying incident, when the conviction had been neither reversed, expunged, or invalided. 1995 WL 1945453, at *2. The Mississippi Court noted that it was unaware of any authority supporting the proposition that a defendant's otherwise proper conviction can

be invalidated based upon the use of excessive force by the arresting officers," and concluded that Heck was inapplicable. Id.

This court finds Baxter unpersuasive, herein. Plaintiffs allege that defendants

> agreed to falsely charge **MORRIS CARROLL** with "public intoxication" and "obstruction of government operations" knowing full well that he was innocent of said charges. Thereafter, Defendants, in fact, charged **MORRIS CARROLL** with the aforesaid violations. These actions resulted in injury to Plaintiffs who were caused to suffer severe mental and emotional distress...

(doc.36, ¶44). Plaintiffs do not indicate what has happened to these charges. They allege only that Morris Carroll pled guilty to disorderly conduct, but not in exchange for having the other charges dismissed (doc.92, p.2).

Defendants contend that plaintiffs were charged with public intoxication and obstruction of government operations, and that "[w]hile the Amended Complaint alleges that... Taylor and Greene 'falsely' charged Mr. Carroll, both Plaintiffs subsequently pled guilty to disorderly conduct in the District Court of Conecuh County in a plea agreement that resulted in the dismissal of charges of public intoxication and resisting arrest" (doc.46, p.3, Ex.A & B).

The Magistrate Judge relied on Heck, 512 U.S. 477, which is controlling. Thereunder, the Magistrate Judge noted,

> [e]ven though Plaintiff argues that he is not challenging the disorderly conduct conviction, the Court finds that allowing the "conspiracy to falsely charge" claim to go forward ***could*** lead to the undermining of the disorderly conduct conviction; this would lead to the situation contemplated in *Heck*.

(doc.89, p.19) (emphasis added). As the Magistrate Judge noted, in Heck, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or

> for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus... the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction...

(doc.89, p.18-19) (citing 512 U.S. at 486-87).

Herein, in order to recover damages for the alleged injury to plaintiffs, i.e., severe emotional and mental distress, caused by actions (the alleged conspiracy to falsely charge Morris Carroll with public intoxication and obstruction of government operations), whose unlawfulness would render his guilty plea to disorderly conduct invalid, plaintiff must prove that Morris Carroll's guilty plea has been reversed, expunged, declared invalid, or called into doubt.  Plaintiffs do not allege or argue such. Plaintiffs' Objection is OVERRULED.

B.  Defendants' Partial Objection to Report and Recommendation

Separate objections have been raised by defendant Hawsey and by defendants Taylor and Greene (doc.93).

1.  Objection of Defendant Hawsey

Defendant Hawsey objects to the Magistrate Judge's recommendation to deny his Motion to Dismiss plaintiffs' third cause of action (negligent supervision) construed by the Magistrate Judge as deliberate indifference (docs.93-94) (doc.89, p.13).  Defendant argues that plaintiffs' allegations relied upon by the Magistrate Judge do not satisfy the requirements set forth in Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 401 (1997) (doc.94).  Defendant also argues that there is absolutely no specific factual allegations to support plaintiffs' assertion that Taylor and Greene had a history of unlawful acts and defendant took no action to stop future acts (doc.94, referring to doc.89,

p.10; doc.36, ¶37).

The Brown standard, noted by the Magistrate Judge (doc.89, p.11-13), is in the context of a jury-trial context.  Brown, 520 U.S. 402.  "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference'." Id., at 411; see McDowell v. Brown, 392 F.3d 1283,1291-94 (11th Cir. 2004) ("[A] plaintiff must demonstrate that the lawful action was 'taken with deliberate indifference' as to its known or obvious consequences.") .

Herein, as the Magistrate Judge noted, the context is under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than that of a jury trial (doc.89, p.5 ("When considering a motion to dismiss, the Court accepts as true the non-moving party's allegations...")), and in this regard, stated:  "Though the Carrolls *have not yet proven the facts* asserted, the Court accepts their assertions as true...  The Court understands Plaintiffs' assertions to state a claim against Hawsey as recognized in Brown."  Id., p.13-14 (emphasis added).  This court finds no error on the part of the Magistrate Judge.

Defendant also asserts qualified immunity (doc.94, p.3-4).  Defendant argues that the allegations relied upon by the Magistrate Judge are vague and conclusory and do not establish the nature of either deputies' history.  Defendant relies on Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258 (11th Cir. 1998), and Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001) (doc.94, p.4).

In the Aquatherm case, the Eleventh Circuit affirmed a district court's Rule 12(b)(6) dismissal.

145 F.3d 1258.  However, Aquatherm, is factually distinguishable from the case *sub judice*, addressing anti-trust claims under the Lanham and Sherman Acts.  Id.

> In Marsh, the Eleventh Circuit, in addressing Eighth Amendment claims noted that
>
> a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief... [or] when its allegations - on their face - show that an affirmative defense bars recovery on the claim...
>
> Once the affirmative defense of qualified immunity is advanced, the allegations of the complaint take on great importance in a lawsuit.  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery..."

268 F.3d at 1022 (citations omitted).  In Marsh, the Eleventh Circuit reversed the district court's granting of the defendants' Rule 12(b)(6) motion to dismiss, in part, as to claims brought against the Sheriff in her individual capacity for deliberate indifference to jail conditions, concluding that the "[p]laintiffs adequately allege facts which (if true) show that, at the time of the incident, the Sheriff's acts were not even arguably reasonable in the light of the clearly established law."  Id., at 1030-34.

The Eleventh Circuit also affirmed dismissal under Rule 12(b)(6), of the plaintiff's claim of deliberate indifference to his serious medical needs.[1]  The Eleventh Circuit pointed out that the plaintiff did not name the particular deputy whose act gave rise to the claim, or allege that the Sheriff was aware of the plaintiff's particular medical condition; that the Sheriff actually knew that the release policy posed

---

[1] The allegations, in part, are that Leroy Owens, a pretrial detainee, was savagely attacked and injured by other inmates.  After the Sheriff, the Jail Administrator, and the City Police refused to enter the jail to retrieve Owens, due to the conditions therein, Chief Deputy Hartley ("Hartley") did.  Owens was taken to the hospital, treated, and discharged into the care of the Sheriff's Department.  Once back at the jail, Hartley instructed Owens to sign his own bond, pursuant to the Sheriff's policy of releasing sick or injured inmates.  Hartley then drove Owens to a motel and released him.  The motel clerk refused Owens a room and called police.  The police ordered a clerk at another motel to rent Owens a room.  The next day Owens called his family.  He was taken by ambulance to the hospital where he received further treatment.  Owens was left with permanent injuries. 268 F.3d 1026.

a sufficiently substantial risk of serious harm to inmates, that the Sheriff was aware of earlier Eighth and Fourteenth Amendment violations from this kind of policy, or of one such bad, earlier release incident at the jail.  268 F.3d at 1034-36.  Owens only alleged that the Sheriff had a policy of releasing sick or injured inmates.  Id., at 1036.  The Eleventh Circuit stated: "We believe such a policy, on its face, violates no constitutional guarantees and is not a facially unconstitutional policy."  Id.  The Eleventh Circuit determined that Owens had failed to allege sufficient facts showing that the Sheriff can be held personally liable for inadequate training about the manner of releasing sick or injured inmates.  Id., at 1037.

Herein, however, with regard to defendant's qualified immunity defense, the Magistrate Judge found that plaintiffs have properly alleged a constitutional violation as pronounced in Brown (doc.89, p.15-16).  This court has reviewed the allegations plaintiff assert (doc.36, ¶19-20, 34-41), and finds no error on the party of the Magistrate Judge.  Defendant Hawsey's Objection is OVERRULED.

2.  Objection of Defendants Taylor and Greene

Defendants Taylor and Greene object to the Magistrate Judge's recommendation that plaintiffs' § 1981 claim not be dismissed based on their express request that it not be dismissed (docs.93-94). Defendants argue that the recommendation is based on a clerical error in the introductory paragraph, when it was stated everywhere else in the Motion and Brief that plaintiffs' § 1981 claim against them was due to be dismissed.  Id.

Defendants' express statement in their Motion For Partial Dismissal of Plaintiffs' Amended Complaint reflects that they seek the dismissal of "all claims against them... with the exceptions of the Fourteenth Amendment excessive force claims and the § 1981 claims contained in the Plaintiffs' First

Cause of Action" (doc.89, p.9, referring to doc.45, ¶1).  Thereafter, however, defendants contend that "[a]ll official capacity claims under 42 U.S.C. §§ 1981(a) and 1983 against these Defendants are due to be dismissed due to lack of subject matter jurisdiction pursuant to the Eleventh Amendment..." Id., ¶3(a), and that "Plaintiffs' individual capacity federal §1981(a) and § 1983 (equal protection and conspiracy claims) are due to be dismissed... [under] qualified immunity." Id., ¶3(a) and 4.

Defendants' Memorandum supports their "clerical error" argument.  At Section I, defendants argue that "Plaintiffs' official capacity § 1983 and § 1981(a) claims are due to be dismissed..." (doc.46, p.5, A).  At Section II, defendants argue entitlement to qualified immunity from plaintiff's § 1981(a), and § 1983 equal protection and conspiracy claims.  Id., p.6-9.

On December 10, 2004, defendants Taylor and Greene filed a Reply to plaintiffs' Opposition to the Motion For Partial Dismissal (doc.80).[2]  Therein, defendants note plaintiffs' concession of the claims against defendants in their official capacity, and plaintiffs' continued pursuit of their claims of conspiracy and violations of equal protection against defendants pursuant to § 1981.  Id., p.1.  Defendants contend that they "have not asked for dismissal of the Plaintiffs' Fourteenth Amendment excessive force claim and have filed an Answer addressing this claim." Id., p.1, n.1, and p.3, n.3.  Defendants' Reply addresses the fact that they believe that plaintiffs' § 1981 claims are due to be dismissed.  Id., p.1-8.  Defendants conclude "request[ing] that the Court issue an Order dismissing all of the Plaintiff's claims with the exception of the Fourteenth Amendment excessive force claim." Id., p.8.  There is no indication in the Report and Recommendation (doc.89), that the Magistrate Judge

---

[2] Defendant Hawsey filed a Reply on December 9, 2004 (doc.77).

considered defendants' Reply.

Thus, defendants' objection to the Magistrate Judge's Report and Recommendation is SUSTAINED with regard to the denial of defendants' Motion for Partial Dismissal pertaining to plaintiffs' claims under § 1981(a) for alleged equal protection violations and of conspiracy.  This court now considers the issue.

As a caveat to the discussion, this court notes, plaintiffs concede that they are not bringing claims against any of the defendants Greene and Taylor in their official capacities (docs.70 and 71, ¶3-4; doc.89, p.4-5), and the court considers plaintiffs' claims against defendants in their individual capacities, only, and accepts plaintiffs' allegations as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).   Further, the Magistrate Judge addressed plaintiffs' equal protection claim in connection with Greene and Taylor (doc.89, p.6-8), finding that "the Carrolls' have not set out or pled facts which would support an Equal Protection claim against *any* of the Defendants.  Therefore, it is recommended that Defendants' Motions to Dismiss be granted on the Equal Protection claim."  Id., p.8-9.  The Magistrate Judge also considered plaintiffs fourth cause of action, conspiracy against all defendants (doc.89, p.16-19).  The Magistrate Judge found that the fourth cause of action does not state a claim and must be dismissed "as to all parties."  Id., p.19.

Pursuant to § 1981(a), set out by the Magistrate Judge (doc.89, p.9), plaintiffs claim that all defendants violated their rights.

> Plaintiffs' rights as protected under... § 1981 were knowingly and willfully violated when they were assaulted, restrained, detained, battered, and charged with disorderly conduct, and when **MORRIS CARROLL** was falsely charged with "public intoxication" and "obstruction of government operations" - solely because of the color of their skin.

10

> Defendants **TAYLOR, GREENE** and **HAWSEY** knowingly and willfully deprived Plaintiffs of their rights, privileges and immunities as secured by the Constitution and laws, including but not limited to the Fourteenth Amendment and/or ... § 1983 and/or... § 1981(a).  Defendants, **TAYLOR, GREENE** and **HAWSEY** acted fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of the law.  Plaintiffs seek redress for said deprivations listed... as provided under... § 1983.

(doc.36, ¶27-28).

In order for plaintiffs to prevail, there must be a showing of intentional discrimination. Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985).  Defendants contend that plaintiffs have not sufficiently alleged that Greene and Taylor violated their § 1981(a) rights (doc.46, p.7).

This court notes that in connection with the events giving rise to this litigation, plaintiffs simply assert that they are white and Greene and Taylor are black.  From this plaintiffs expect the court to infer an improper racial motive.  This court finds that plaintiffs have alleged no facts from which an improper racial animus on the part of Greene and Taylor can be reasonably inferred.  See Marsh, 268 F.3d at 1037 ("Pleadings must be something more than an ingenious academic exercise in the conceivable.").  Therefore, this court finds that plaintiffs' § 1981 claim is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

C.  Conclusion

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, plaintiffs' Statement of Objection (docs.91-92) is hereby OVERRULED; defendants' Partial Objection (docs.93-94) is hereby OVERRULED, as to defendant Hawsey's Objection, and SUSTAINED, as to defendants Greene and Taylor's Objection; and the Report and Recommendation of the Magistrate Judge is hereby ADOPTED as MODIFIED as the opinion of this court.

It is ORDERED that defendants' Motion to Strike Plaintiffs' Filing of Deposition Transcripts (docs.74-75), be and is hereby GRANTED; plaintiffs' Motion for Leave to File Deposition Transcripts (doc.82), be and is hereby DENIED; defendants' Greene and Taylor's Motion For Partial Dismissal of Plaintiffs' Amended Complaint (docs.45-46), be and is hereby GRANTED; and defendant Hawsey's Motion to Dismiss Plaintiffs' Amended Complaint (docs.47-48), be and is hereby GRANTED, in part, and DENIED, in part.

Under this ruling, the only remaining claim against defendant Hawsey is plaintiffs' third cause of action, plaintiffs' claim of negligent supervision, and the only remaining claim against defendants Greene and Taylor is plaintiffs' first cause of action, plaintiffs' claim of excessive force.

DONE this ___15th___ day of April, 2005.

/s/ Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE